HENRY H. GAGE*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 20, 1905—Rehearing denied Feb. 21, 1906.*

SPECIAL ASSESSMENTS—*section 84 of the act of 1901 does not apply to improvements already completed.* Section 84 of the Local Improvement act, (Laws of 1901, p. 114,) requiring the board of local improvements to certify the cost of the improvement to the court within thirty days after final completion and acceptance of the improvement, has no application to improvements completed and accepted more than thirty days prior to the time such section became effective, notwithstanding the language of section 99 thereof.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

ROBERT REDFIELD, and JOHN M. O'CONNOR, (JAMES H. LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is a consolidation of two appeals, one of which is from a judgment of the county court of Cook county for the fifth installment of a special assesment for paving Fulton and other streets, and the other from a judgment of the same court for the fifth installment of a special assessment for paving Turner avenue. Both judgments were rendered at the June term, 1905, of the county court. Objections were filed by Henry H. Gage, the owner of the lots against which the judgments were rendered, and were in each instance overruled. Gage prosecuted an appeal from each judgment, and those appeals have been consolidated in this court, as the same grounds are relied upon in each for reversal.

The first point made by appellant in each of these cases is thus stated in his brief:

_____

*Consolidated case, being Nos. 4503 and 4515.

"No certificate of cost was filed pursuant to section 84 of the act of 1901, which was a condition precedent to the issue of the warrant,—that is, to the existence of delinquency, without which there was no legal right to apply for judgment and order of sale."

The certificate required by section 84, *supra,* is to be made by the board of local improvements and filed with the court in which the assessment was confirmed, within thirty days after the final completion and acceptance of the work. In one of these cases the work was completed and accepted on September 20, 1899, and in the other on July 14, 1900. As section 84 of the act of 1901 became effective July 1, 1901, it is apparent that it was impossible to comply with that section by filing the certificates thereby required in the cases now before us.

Appellant urges that inasmuch as section 99 of the Local Improvement act of 1901, being section 605 of chapter 24, Hurd's Revised Statutes of 1901, contains this provision: "When any installment of an assessment confirmed under prior acts shall mature, proceedings to return the same delinquent, and to collect the same shall conform to the provisions of this act," section 84 of the act 1901 is thereby made applicable in this proceeding, and that upon that act becoming effective it at once became the duty of the proper officers to file the certificate required by that act, which appellant urges would have been a compliance with that act "except as to time."

We think the language quoted from section 99, *supra,* cannot be construed to require the filing of a certificate under section 84, *supra,* in a case where the time within which that certificate is by the latter section required to be filed had elapsed long prior to the date on which that section came into force.

The other errors assigned which are called to our attention are identical with those passed upon adversely to the contention of appellant in the consolidated cases of *Gage* v.

*People,* (*ante,* p. 369.) It is unnecessary to repeat here the reasoning of the court found in the opinion in those cases. The views there expressed control here.

The judgments of the county court will be affirmed.

*Judgments affirmed.*